IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONOVAN J. COLBY and LUCY A. COLBY,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK N. A., Trustee for CSMC 2006-4 Trust,[1] and SELECT PORTFOLIO SERVICING, INC.<br><br>Defendants. | Case No. 3:23-CV-00031-JMK |

**ORDER RE: MOTION TO DISMISS**

At Docket 13, Defendants have filed a Motion to Dismiss pursuant to Rule 12(b)(6) of Federal Civil Procedure. Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Plainly, this means that a defendant argues that even if everything in the complaint is true, the defendant did not violate the law. To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[2] In conducting its review, a court must liberally

---

[1] This Defendant was incorrectly named in the Complaint. *See* Docket 13 at 1. Should Defendant wish to correct the caption, it may move the Court to do so.

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[3] The Court resolves a motion under 12(b)(6) only on the pleadings before it; therefore, no additional evidence may be submitted to defend those arguments.

Local Civil Rule 7.4 requires that unless otherwise ordered, opposition memoranda must not exceed 35 pages or 10,000 words. Further, a proposed order does not need to be lodged with any cross-motion for summary judgment pursuant to Local Civil Rule 7.1(b)(1). Failure to respond to the Motion to Dismiss could be deemed as an admission that the motion is well-taken, result in a summary ruling, and end the case.[4]

**IT IS THEREFORE ORDERED:**

1. The Clerk of Court is directed to change the caption of this suit to reflect the correct names of Defendants, as reflected in the current caption.

2. All parties are directed to use the updated caption on all future motions and filings.

---

[3] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[4] *See generally* Local Civil Rule 7.1(h).

3. Plaintiff has until on or before **21 days after the date of this order** to serve and file on Defendants any opposition to Defendants' Motion for to Dismiss at Docket 13.

4. Defendant has until **14 days** after service of the Plaintiff's opposition to serve and file a reply.

5. Plaintiff's Motions at Dockets 3–4 are **DENIED AS MOOT**.

DATED this 5th day of April, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE